LOCAL FORM 3015-1
REVISED 09/2025

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: Little, David James
Little, Nydia Vanessa

Debtor.
*In a joint case, "debtor" means "debtors" in this plan.*

Case No. **26-32814**
CHAPTER 13 PLAN ☑ Modified
Dated 09/03/2026

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: The debtor must check the appropriate boxes below to indicate whether the plan does or does not include each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 6 or 14 | ☑ Included | ☐ Not Included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 14 | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 15 | ☑ Included | ☐ Not Included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**

2.1 As of the date of this plan, the debtor has paid the trustee **$0.00** (including balance on hand of ____________).

2.2 After the date of this plan, the debtor will pay the trustee: **$71,907.00**.

| Plan payment | Start MM/YYYY | End MM/YYYY | # of payments | Total |
|---|---|---|---|---|
| $1,130.00 | 1 (09/2026) | 21 (05/2028) | 21 | $23,730.00 |
| $1,224.00 | 22 (06/2028) | 53 (01/2031) | 32 | $39,168.00 |
| $1,287.00 | 54 (02/2031) | 60 (08/2031) | 7 | $9,009.00 |
| | | | PART 2.2 SUBTOTAL: | **$71,907.00** |

2.3 The minimum plan length is ☐ 36 months or ☑ 60 months from the date of the initial plan payment unless all allowed unsecured claims are paid in a shorter time.

2.4 The debtor will also pay the trustee ____________________________________________.

2.5 The debtor will pay the trustee a total of **$71,907.00** [lines 2.1 + 2.2 + 2.4].

2.6 If the debtor is required to file a tax return under applicable nonbankruptcy law, the debtor will file with appropriate tax authorities all returns and provide the trustee a copy of each filed return within 14 days of filing. The debtor will treat tax refunds as follows: **The debtors shall send the Trustee each year during the Chapter 13 Plan copies of federal and state income tax returns at the time they are filed. The debtors shall also promptly report to the Trustee the receipt of any federal and state tax refunds for the duration of this Chapter 13 case. The debtors shall be entitled to retain the first $2,000, plus any earned income credit (EIC), plus any Minnesota Working Family credit. Any remaining amounts shall be turned over to the Chapter 13 trustee as additional plan payments.**
.

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 6 and 7 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or **$7,190.70** [line 2.5 x 0.10]. If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments by the trustee as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365):** The debtor assumes the following executory contracts or unexpired leases. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 5.

**Part 5. MAINTENANCE OF PAYMENTS AND CURE OF DEFAULT, IF ANY (§ 1322(b)(5)):** The debtor will maintain the current contractual installment payments on the claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be paid directly by the debtor unless otherwise specified below. The trustee will pay the arrearage amount listed in the proof of claim at the interest rate specified below, unless otherwise ordered by the court. The creditors will retain liens. All following entries are estimates, except for interest rate.

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining arrears payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.1 | The Seasons Overall Association, Inc | 1246 Silverwood Court Woodbury, MN 55125<br>Jointly owned | $1,353.00 | | | | | $1,353.00 | | $1,353.00 |
| | | | Current installment payment | | Disbursed by: | | Remaining trustee installment payments | | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
| | | | $220.00 | | ☑ Debtor<br>❑ Trustee | | | | | |
| 5.2 | Midland Mtg/Midfirst | 1246 Silverwood Court Woodbury, MN 55125<br>Jointly owned | $28,322.00 | | | Pro-Rata | | $28,322.00 | | $28,322.00 |
| | | | Current installment payment | | Disbursed by: | | Remaining trustee installment payments | | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
| | | | $2,679.00 | | ☑ Debtor<br>❑ Trustee | | $0.00 | | | $0.00 |

LOCAL FORM 3015-1
REVISED 09/2025

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining arrears payments | *+ amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.3 | US Dept of Housing & Urban Development | 1246 Silverwood Court Woodbury, MN 55125 | | | | | | | | |
| | | | Current installment payment | | Disbursed by: | | Remaining trustee installment payments | | *+ amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
| | | | | | ☑ Debtor ☐ Trustee | | $0.00 | | | $0.00 |
| | | | | | | | | | TOTAL: | **$29,675.00** |

**Part 6. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)):** The trustee will pay the amount set forth in the "Total payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, if the plan has been served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim, unless otherwise ordered by the court. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with Fed. R. Bankr. P. 3012(c) controls over any contrary amount. Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12.

| | Creditor | Est. claim amount | Secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 6.1 | Cap One Auto | $28,021.00 | $16,903.00 | 7.75% | ☑ | 09/26 | $341.00 | 3 | $1,023.00 | | $20,439.06 |
| | | | | | | 12/26 | $341.00 | 57 | $19,437.00 | | |
| | | | | | | | | | | TOTAL: | **$20,439.06** |

**Part 7. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim, unless otherwise ordered by the court, at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12. **All following entries are estimates, except for interest rate.** Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).

**Part 8. PRIORITY CLAIMS UNDER § 507(a)(2) THROUGH (a)(10):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 8.1 | Solvent PLLC | $4,000.00 | | Pro-Rata | | $4,000.00 | | $4,000.00 |
| 8.2 | INTERNAL REVENUE SERVICE | $6,549.00 | | Pro-Rata | | $6,549.00 | | $6,549.00 |
| 8.3 | MN DEPARTMENT OF REVENUE | $1,591.00 | | Pro-Rata | | $1,591.00 | | $1,591.00 |
| | | | | | | | TOTAL: | **$12,140.00** |

**Part 9. DOMESTIC SUPPORT OBLIGATION CLAIMS UNDER § 507(a)(1):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

**Part 10. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the classes of unsecured claims specified in Part 11 and Part 12, there shall be separate classes of nonpriority unsecured claims including the following. The trustee will pay the nonpriority amount. listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates, except for interest rate.**

**Part 11. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of allowed nonpriority unsecured claims for which proofs of claim were timely filed the remaining funds received by the trustee and not paid under Parts 3, 5, 6, 7, 8, 9, and 10 on a pro rata basis.
**All following entries are estimates.**

| | |
|---|---|
| Estimated nonpriority unsecured claims held by creditors listed in Parts 6, 7, and 14 | $11,118.00 |
| + Total estimated nonpriority and not separately classified unsecured claims (excludes Parts 6, 7, 10, and 14 unsecured claims) | $67,401.00 |
| = Total estimated nonpriority and not separately classified unsecured claims (excludes Part 10 claims) | $78,519.00 |
| Projected percentage payment to unsecured claims (excludes Part 10 claims) | 3.14% |

| | |
|---|---|
| Estimated remaining payments | $2,462.24 |
| *+ amount paid to date by trustee (mod. plan only)* | |
| = TOTAL estimated payments | $2,462.24 |

**Part 12. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 5, 6, 7, 8, 9, 10, and 11, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily-filed claims remain subject to objection pursuant to 11 U.S.C. § 502(b)(9).

**Part 13. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under 11 U.S.C §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

**Part 14. LIEN AVOIDANCE:** The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). If the plan has been properly served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan, unless otherwise ordered by the court. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 11 or Part 12, to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the Part 6 or Part 7. *See* 11 U.S.C. § 522(f) and Fed. R. Bankr. P. 3012(b) and 4003(d). *Insert additional tables for each lien.*

**Part 15. NONSTANDARD PROVISIONS:** The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in Fed. R. Bankr. P. 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void.

| | |
|---|---|
| 15.1 | **Approval Not Required to Incur Post-Petition Debt**<br>Approval by the bankruptcy court or Chapter 13 trustee shall not be required prior to the debtor incurring ordinary consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee, and one is not needed for the debtor to incur post-petition ordinary consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans. |
| 15.2 | **Monthly Statements**<br>Debtors and their attorney authorize the secured creditors listed in the plan to continue sending monthly statements directly to the debtors. |

LOCAL FORM 3015-1
REVISED 09/2025

| | |
|---|---|
| 15.3 | **Secured Creditor Provision**<br>In the event, a secured creditor is granted stay relief or there is a surrender, repossession, or return of collateral to the creditor for any reason, the creditor may file a proof of claim for any deficiency within 30 days after the surrender, repossession or return of the collateral. If such a proof of claim is filed, the claim, if any, will be paid as an unsecured claim in accordance with bankruptcy law and dischargeable upon completion of this plan or any future modified plan. The trustee will stop paying the claim as a secured claim upon the granting of a motion for relief from stay. |
| 15.4 | **Bonus and Incentive Pay**<br>The debtor receives quarterly bonuses through his employer. This bonus is a regular bonus and the monthly average bonus is computed into his income on Schedule I. |

**SUMMARY OF TOTAL ESTIMATED PAYMENTS:**

| Class of payment | Total payments |
|---|---|
| Payments by trustee [Part 3] | $7,190.70 |
| Maintenance of payments and cure of default, if any [Part 5] | $29,675.00 |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 6] | $20,439.06 |
| Secured claims excluded from § 506 [Part 7] | $0.00 |
| Priority claims [Part 8] | $12,140.00 |
| Domestic support obligation claims [Part 9] | $0.00 |
| Separate classes of unsecured claims [Part 10] | $0.00 |
| Timely filed unsecured claims [Part 11] | $2,462.24 |
| TOTAL (must equal line 2.5) | $71,907.00 |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 15.

Signed: **s/ Jeffrey J. Bursell**
Jeffrey J. Bursell
Attorney for debtor
Bar Number: 0293362
Solvent PLLC
2223 5th Street, PO Box 10860
Saint Paul, MN 55110
Phone: (651) 374-8881
Email: jeff@solventlaw.com

Signed: **s/ David James Little**
David James Little
Debtor 1

Signed: **s/ Nydia Vanessa Little**
Nydia Vanessa Little
Debtor 2 (if joint case)

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

---

In Re: Bky Case No: 26-32814

David Little Chapter 13

and

Nydia Little

Debtor(s).

---

**NOTICE OF FILING MODIFIED CHAPTER 13 PLAN PRIOR TO CONFIRMATION**

---

TO: ALL PARTIES IN INTEREST

PLEASE TAKE NOTICE that the debtor(s), pursuant to Local Rule 3015-2(a) have filed the attached modified Chapter 13 Plan. The Hearing on Confirmation of the Modified Plan is scheduled for October 22, 2026, at 11:00 a.m. in United States Bankruptcy Court, Courtroom 8 West, 8th Floor, 300 S 4th Street, Minneapolis, Minnesota.

Pursuant to Local Rule 3015-1(c) and (e)(3), any objection to this pre-confirmation modified plan shall be filed and served not later October 20, 2026, which is 48 hours prior to the time and date set for the confirmation hearing.

Dated: September 3, 2026

Solvent PLLC

Signed: s / ***Jeffrey J. Bursell***

Jeffrey J. Bursell #293362
Attorney for Debtor(s)
2223 5th Street
P.O. Box 10860
St. Paul, MN 55110-3024
jeff@solventlaw.com
Telephone Number: 651.374.8881

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| In Re: | Bky Case No: 26-32814 |
| David Little | Chapter 13 |
| and | |
| Nydia Little | **UNSWORN CERTIFICATE** |
| Debtor(s). | **OF SERVICE** |

---

I, Trish Wolter, employed by Solvent PLLC, attorneys licensed to practice law in this Court, with office address of 2223 5TH Street, P.O. Box 10860, St. Paul, Minnesota 55110, declare that on September 3, 2026, I served the Modified Chapter 13 Plan and Notice of Filing Modified Plan Prior to Confirmation to each of the entities named below by first class mail postage prepaid and to any entities who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System:

---

**The following were served via first class mail postage prepaid:**

David & Nydia Little
1246 Silverwood Court
Woodbury, MN 55125

And to all creditors/parties in interest listed on matrix (see attached)

---

I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: September 3, 2026
Signed: s/ Trish Wolter
Paralegal

Label Matrix for local noticing
0864-3
Case 26-32814
District of Minnesota
St Paul
Wed Sep 2 14:48:08 CDT 2026

~~St Paul~~
~~200 Warren E. Burger Federal Building~~
~~and U.S. Courthouse~~
~~316 N Robert St~~
~~St Paul, MN 55101-1495~~

AT&T
PO BOX 5093
CAROL STREAM, IL 60197-5093

Aspire
PO Box 105341
Atlanta, GA 30348-5341

CAPITAL ONE BANK
PO BOX 30281
Salt Lake City, UT 84130-0281

CB INDIGO
PO BOX 4499
Beaverton, OR 97076-4499

CKS Prime Investment
1800 Route 34 Ste 305
Little Silver, NJ 07739

(p)CAINE & WEINER COMPANY
12005 FORD ROAD 300
DALLAS TX 75234-7262

Cap One Auto
PO BOX 259407
PLANO, TX 75025-9407

Cap1/Kohls Dept Store
N56 RIDGEWOOD DR
MENOMONEE FAL, WI 53051

Credence Resource Management
1111 Digital Drive
Richardson, TX 75081-2077

Credit One Bank
PO Box 98875
Las Vegas, NV 89193-8875

Destiny First Electronic Bank
2150 S 1300 E Ste 400
Salt Lake City, UT 84106-4336

Greenstein Sellers PLLC
825 Nicollet Mall Ste 1648
Minneapolis, MN 55402-2705

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

INTERNAL REVENUE SERVICE
PO BOX 7346
Philadelphia, PA 19101-7346

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

LVNV FUNDING LLC
PO BOX 10497
Greenville, SC 29603-0497

MESSERLI & KRAMER PA
3033 CAMPUS DR STE 250
Minneapolis, MN 55441-2685

MN DEPARTMENT OF REVENUE
BANKRUPTCY SECTION
PO BOX 64447
Saint Paul, MN 55164-0447

Merrick Bank Corp
PO BOX 9201
OLD BETHPAGE, NY 11804-9001

Midland Mtg/Midfirst
999 NW GRAND BLVD
OKLAHOMA CITY, OK 73118-6051

(p)MOHELA
CLAIMS DEPARTMENT
633 SPIRIT DRIVE
CHESTERFIELD MO 63005-1243

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

PROGRESSIVE INSURANCE
PO BOX 6807
Cleveland, OH 44101-1807

Premier Bankcard
601 S MINNESOTA AVE
SIOUX FALLS, SD 57104-4824

Resurgence Legal Group, PC
10405 6th Avenue North STe 105
Plymouth, MN 55441-6302

STENGER & STENGER PC
2618 E PARIS AVE SE
GRAND RAPIDS, MI 49546-2458

~~(p)SOLVENT PLLC~~
~~ATTN JEFFREY BURSELL~~
~~2223 5TH ST~~
~~P O BOX 10860~~
~~ST PAUL MN 55110-0860~~

The Seasons Overall Association, Inc
1951 Woodlane Drive Ste 100
Woodbury, MN 55125-3855

(p)US DEPARTMENT OF HOUSING AND URBAN DEVELOP
477 MICHIGAN AVE #1600
DETROT MI 48226-2564

~~US Trustee~~
~~1015 US Courthouse~~
~~300 S 4th St~~
~~Minneapolis, MN 55415-3070~~

Verizon Wireless
500 Technology Drive Ste 550
Saint Charles, MO 63304-2225

David James Little
1246 Silverwood Court
Woodbury, MN 55125-9151

~~Gregory A Burrell~~
~~100 South Fifth Street~~
~~Suite 480~~
~~Minneapolis, MN 55402-1250~~

Nydia Vanessa Little
1246 Silverwood Court
Woodbury, MN 55125-9151

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Caine & Weiner
PO Box 55848
Sherman Oaks, CA 91413

INTERNAL REVENUE SERVICE
MAIL STOP 5700
30 E 7TH ST STE 1222
Saint Paul, MN 55101-0000

JEFFERSON CAPITAL SYSTEMS LLC
16 MCLELAND RD
Saint Cloud, MN 56303-0000

Mohela/Dofed
633 SPIRIT DR
CHESTERFIELD, MO 63005

PORTFOLIO RECOVERY
PO BOX 41067
NORFOLK, VA 23541-0000

~~Solvent PLLC~~
~~2223 5th Street, PO Box 10860~~
~~Saint Paul, MN 55110~~

U.S. Department of Housing and Urban Develop
77 West Jackson Boulevard
Chicago, IL 60604-3507

(d)US Dept of Housing & Urban Development
77 West Jackson Blvd
Chicago, IL 60604

~~(d)Jeffrey J. Bursell~~
~~Solvent PLLC~~
~~2223 5th Street~~
~~P.O. Box 10860~~
~~St. Paul, MN 55110~~

End of Label Matrix
Mailable recipients 35
Bypassed recipients 0
Total 35